UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

TONDA Y. SCRUGGS,
Plaintiff-Appellant,

v.

No. 98-2364

SPARTANBURG REGIONAL MEDICAL
CENTER,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-97-3524-7-20-AK)

Argued: September 22, 1999

Decided: October 19, 1999

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
MAGILL, Senior Circuit Judge of the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

**ARGUED:** William Gary White, III, Columbia, South Carolina, for
Appellant. Stephen Clay Keim, EDWARDS, BALLARD, BISHOP,
CLARK, STURM & KEIM, P.A., Spartanburg, South Carolina, for
Appellee. **ON BRIEF:** Wade E. Ballard, EDWARDS, BALLARD,
BISHOP, CLARK, STURM & KEIM, P.A., Spartanburg, South Car-
olina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Tonda Y. Scruggs appeals the dismissal of her suit, without prejudice, for continued failure to timely effect service as required by Federal Rule of Civil Procedure 4. We affirm.

I.

Proceeding pro se, plaintiff-appellant Scruggs filed the present complaint on November 12, 1997, alleging sexual harassment, against defendant-appellee Spartanburg Regional Medical Center ("SRMC"). Kenneth Goins, a friend of Scruggs, attempted to serve the summons and complaint on Samuel Feemster, Jr., an agent of SRMC. Goins had Feemster sign the complaint. However, Goins failed to leave a copy of the summons with Feemster. Furthermore, no affidavit of service was filed with the district court or served upon SRMC. J.A. 56, 42.

Consequently, on December 3, 1997, SRMC filed a motion to dismiss for insufficiency of process and insufficiency of service of process. SRMC filed an answer to the complaint on December 4, 1997. Scruggs then retained her present counsel, William Gary White, III. Based on White's representation to the district court that proper service would be effected within the 120-day time limit prescribed by the Federal Rules of Civil Procedure, the district court denied the motion to dismiss. The magistrate judge's Report and Recommendation, filed on January 30, 1998, specifically noted that the 120-day deadline fell on March 12, 1998. J.A. 29.

On January 30, 1998, Scruggs filed the original summons and affidavit of service with the district court for the first time. J.A. 30. Scruggs also filed a notice of motion and motion to amend the complaint, an amended complaint, and answers to interrogatories. How-

2

ever, Scruggs failed to serve SRMC with any of these documents, and she did not file a certificate of service with the district court. J.A. 99.

On April 13, 1998, SRMC filed its second motion to dismiss for insufficiency of process and insufficiency of service of process. Although the magistrate judge recommended that the motion be denied, the district court granted the motion on August 12, 1998, and ordered Scruggs' complaint dismissed without prejudice. Scruggs now appeals the district court's order of dismissal.

II.

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Applying the rule of Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir. 1995) ("[T]he court may only grant the extension [of time for effecting service] for good cause."), to its finding that "plaintiff has failed to show good cause," J.A. 102, the district court declined to extend the time for service, and consequently dismissed Scruggs' complaint for failure to timely effect service.

We cannot conclude that the district court abused its discretion in so ruling. See Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 708 (4th Cir. 1993) (noting that "[t]he district court's dismissal for untimely service under [the predecessor to Rule 4(m)] is reviewed under an abuse of discretion standard."). Under Mendez, the district court could grant an extension only for good cause, and plainly Scruggs failed to show good cause for her continued failure to comply with Rule 4's mandates even after having been apprised by the court and the opposing party of her failure to comply with the rule and

3

given ample opportunity for correction of the failure. See, e.g., T&S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W. Va. 1996) (explaining that "[i]nadvertent or heedless non-service is what [the predecessor to Rule 4(m)] is aimed [to eliminate]") (quoting Quann v. Whitegate Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986)).

The Supreme Court recently observed that "Rule 4(m) [. . .] permits a district court to enlarge the time for service `even if there is no good cause shown.'" Henderson v. United States, 517 U.S. 654, 658 n.5 (1996) (quoting Advisory Committee's Notes on 1993 Amendments to Fed. Rule Civ. Proc. 4) (emphasis added). Although this observation was not a holding by the Supreme Court,[1] we regard the Court's statement as persuasive as to the meaning of Rule 4(m). Accordingly, we believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its apparent belief to the contrary. We are satisfied, however, that adoption and application in this case of the rule suggested by the Court in Henderson,[2] which would technically necessitate a remand to the dis-

_____

[1] The issue presented to and decided by the Supreme Court in Henderson was whether the Suits in Admiralty Act's requirement that service be made "forthwith" trumped Rule 4. The Supreme Court held that Rule 4 trumped the Suits in Admiralty Act's "forthwith" requirement because "the manner and timing of serving process are generally non-jurisdictional matters of `procedure' controlled by the Federal Rules." 517 U.S. at 656. In the course of its opinion, the Court did comment that under Rule 4(m), which had been promulgated during the pendency of the litigation, "courts have been accorded discretion to enlarge the 120-day period `even if there is no good cause shown.'" 517 U.S. at 662 (citation omitted). The Court, however, was not called upon to interpret Rule 4(m) in the context of Henderson. And in fact there was good cause shown by the plaintiff in that case for his failure to comply with the rule. See 517 U.S. at 663.

[2] Of course, it is questionable whether we would even have the authority, as a panel, to overrule our court's precedent in Mendez, given that the Supreme Court's statement in Henderson as to the meaning of Rule 4(m) was dicta. See, e.g., Smith v. Moore, 137 F.3d 808, 821 (4th Cir.), cert. denied, 119 S. Ct. 199 (1998) ("It is well established that a decision of this Court is binding on other panels unless it is overruled by a subsequent en banc opinion of the Court or an intervening decision of the United States Supreme Court.").

4

trict court, would be not only wholly unavailing to this particular plaintiff, but an evident waste of scarce judicial resources. For it is apparent to us on this record that the district court would not in its discretion grant this extension. Indeed, it is not even clear to us, on this record, that it would be within the district court's discretion to do so.

It bears repeating that, here, after Scruggs initially failed to comply with the Rule, White specifically represented to the district court that proper service would be effected "within the required time limits." J.A. 28. And it was on the strength of this representation that the district court denied the initial motion to dismiss. In response to White's representation, the magistrate judge, in his Report and Recommendation to the district court, filed January 30, 1998, explicitly recited the date by which proper service had to be effected as March 12, 1998. J.A. 29. Then, despite such clear notice of the precise date on which he would have to follow through on his undertaking to the district court, White failed to effect proper service by even that date. Even the magistrate judge, who recommended that SRMC's second motion to dismiss be denied, ultimately recommended that disciplinary sanctions be imposed upon White and that White be required "to attend the next Continuing Legal Education seminar on federal civil judicial procedure and rules." J.A. 74.

Separate and apart from the almost certain unlikelihood of a further discretionary extension of time for Scruggs, White made no effort whatever to discuss or argue the import of Henderson at oral argument before this court, evidencing no awareness of the case at all. And this, even after the court raised the Henderson dicta sua sponte.

Accordingly, we reserve to another day -- a day when both parties are prepared at least to address the issue and the party who might benefit from such a rule is at least arguably entitled to such benefit -- formal adoption of the Henderson dicta as the appropriate construction of Rule 4(m) in our Circuit.

For the reasons stated herein, the order of the district court dismissing Scruggs' complaint without prejudice for failure to timely effect service is affirmed.

AFFIRMED

5